UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**KERISSA YOUNG**, an individual,                     Hon.
                                                                           Case No.
Plaintiff,

v.

**GUN LAKE COCINA, LLC,**
A Domestic Limited Liability Company
**LUCY I. GODOY DE KESSLER**  an individual,
jointly and severally

Defendants.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.,

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked..

3. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

1

4. Plaintiff seeks a declaration that her rights were violated, an award of unpaid wages and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

7. Employees of Defendant Gun Lak Cocina, LLC ("Cocina") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

8. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

9. Defendant Coastal's annual gross volume of sales made or business done is not less than $500,000.

10. Defendant Cocina employs more than two persons.

11. Defendant Lucy I. Godoy de Kessler ("Kessler") employs more than two persons.

12. Defendant Cocina is and was at all times relevant organized in the State of Michigan and has a principal place of business located in Middleville, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

14. Plaintiff Kerissa Young is an individual who at all times relevant to this complaint resided in the County of Barry, State of Michigan.

15. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

16. Defendant Cocina is a domestic limited liability company whose registered office is located at 11114 Gun Lake Rd, Middleville, MI 49333.

17. Defendant Cocina is a restaurant that serves traditional Mexican dishes.

18. Defendant Kessler is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner and resident agent of Defendant Cocina.

19. Defendant Kessler at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

20. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

21. Plaintiff worked for Defendants from approximately April 2023, through June 17, 2024.

22. Plaintiff was a bartender and server.

23. Plaintiff's job responsibilities included, among other things, bartending, stocking the bar, cleaning, prepping the food, taking care of take-out orders, and any other tasks as assigned.

24. Plaintiff's primary duty throughout her employment was providing direct services to customers and manual labor related to providing those services.

3

25. Plaintiff's schedule varied depending on the season but worked from 12:00pm to 8:30pm on some days as well as at times 5pm - 9:30pm, on Tuesdays through Saturdays.

26. Plaintiff was paid at an hourly rate of $10/hr.

27. Plaintiff was not paid on a salary basis.

28. Plaintiff did not always receive checks or pay stubs, she would often be compensated through CashApp.

29. Defendants were unlawfully deducting amounts from Plaintiff's wages throughout her employment.

30. Plaintiff complained about these unlawful deductions and missing pay from her wages.

31. Defendants terminated Plaintiff on June 17, 2024 after Plaintiff inquired about her wages due for the previous week of work.

32. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

33. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

34. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

35. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff her wages for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

36. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

37. Defendant Kessler utilized Defendant Cocina to subvert her obligations under state and federal law.

38. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

39. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

40. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

42. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

43. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

44. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek,

Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

45. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

46. Defendants' violations of the FLSA were knowing and willful.

47. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

48. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., RETALIATORY CONDUCT

49. Plaintiff realleges and incorporates herein all previous paragraphs.

50. Plaintiff asserts this claim against all Defendants.

51. The FLSA applied to Plaintiff's employment with Defendants at all relevant times.

52. Section 215(a)(3) of the FLSA prohibits "any person" from retaliating against an employee because he or she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

53. Section 216(b) of the FLSA establishes a right of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title."

54. Defendants terminated Plaintiff in response to the pursuit of her unpaid wages and her questioning of unlawful deductions from her wages.

55. Defendants' termination of Plaintiff was in direct retaliation for the Plaintiff having complained about the unlawful deductions and unpaid wages.

56. Defendants' actions in terminating Plaintiff constitutes unlawful retaliation under the FLSA, 29 U.S.C. § 215(a)(3) as they were taken in direct response to Plaintiff's having complained about missing pay and unlawful deductions.

57. Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of his rights.

58. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, and she has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

59. Pursuant to section 216(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, exemplary, compensatory and punitive damages, as well as his reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

C. For an award of compensatory damages in an amount to be proven at trial;

D. For an award of exemplary damages in an amount to be proven at trial;

E.  For an award of punitive damages in an amount in excess of $75,000 or an amount determined to be sufficient to punish the Defendants for their unlawful conduct and to deter others from taking similar actions;

F.  Defendants be found to have unlawfully retaliated against Plaintiff in the suspension and investigation of Plaintiff;

G.  Defendants be jointly and severally ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA; and

H.  The Court grants such other and further relief as the Court may deem just or equitable.

Dated: June 24, 2024              Respectfully Submitted,

*/s/   Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 24, 2024              Respectfully Submitted,

*/s/   Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/21/2024

/s/ Kerissa Young
Kerissa Young